J-S08009-25

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT O.P. 65.37**

| | | |
|---|---|---|
| COMMONWEALTH OF PENNSYLVANIA | : | IN THE SUPERIOR COURT OF |
| | : | PENNSYLVANIA |
| | : | |
| v. | : | |
| | : | |
| | : | |
| BRIAN CORSEY JR., | : | |
| | : | |
| Appellant | : | No. 2462 EDA 2024 |

Appeal from the PCRA Order Entered August 22, 2024
In the Court of Common Pleas of Chester County Criminal Division at
No(s): CP-15-0002682-2018

BEFORE: DUBOW, J., KUNSELMAN, J., and FORD ELLIOTT, P.J.E.[*]

MEMORANDUM BY DUBOW, J.:                    **FILED APRIL 28, 2025**

Appellant, Brian Corsey Jr., appeals from the August 22, 2024 order dismissing his first petition filed pursuant to the Post Conviction Relief Act ("PCRA") as untimely.[1]  Because Appellant has failed to plead and prove an exception to the PCRA's time-bar, we affirm.

We glean the relevant procedural history from the PCRA court opinion.[2] On September 29, 2020, a jury convicted Appellant of Second-Degree Murder and related offenses, including Conspiracy to Commit Robbery and Conspiracy to Commit Theft.  On November 13, 2020, the court sentenced Appellant to

---

[*] Retired Senior Judge assigned to the Superior Court.

[1] 42 Pa.C.S. §§ 9541-46.

[2] In its Pa.R.A.P. 1925(a) opinion, the PCRA court directed this court to its August 22, 2024 Opinion and Order dismissing Appellant's PCRA petition ("Opinion and Order") for its reasoning.  PCRA Ct. Op., 12/10/24, at 1.

the mandatory term of life in prison with no possibility of parole for Second-Degree Murder, with a concurrent 5 to 10-year term of incarceration for Conspiracy to Commit Robbery and a concurrent 5-year term of probation for Firearms Not to be Carried Without a License. All other convictions either merged or the court sentenced him to No Further Penalty.

On June 2, 2022, this Court remanded for the trial court to vacate Appellant's Conspiracy to Commit Theft conviction but affirmed his judgment of sentence in all other respects. *Commonwealth v. Corsey*, 2022 WL 1799784 at *2-*3 (Pa. Super. Jun. 2, 2022). Appellant did not file a petition for allowance of appeal to our Supreme Court.

On remand, the trial court issued an order vacating the Conspiracy to Commit Theft conviction on July 8, 2022, and issued a corrected order on July 19, 2022. Vacatur of the conviction did not disrupt the sentencing scheme because Appellant had received a sentence of No Further Penalty.

On July 12, 2023, Appellant, through counsel, Todd Mosser, Esq., filed his first PCRA petition, which asserted that the trial court had violated his constitutional right to be present during *voir dire*, and that his trial counsel was ineffective for failing to ensure that he was present. PCRA Pet., 7/12/23, at ¶ 16. He did not plead any exceptions to the PCRA's time bar. Rather, Appellant asserted that his petition was timely because his judgment of sentence became final 30 days after either July 8, 2022, when the trial court issued the order vacating his Conspiracy to Commit Theft conviction, or July

- 2 -

19, 2022, when the court issued the corrected order, and thus, he had until either August 8 or August 19, 2023, to file his petition. PCRA Pet. at ¶ 13.

The court concluded that Appellant's petition was untimely because his judgment of sentence became final on July 2, 2022,[3] 30 days after this Court affirmed his judgment of sentence, and he filed the petition more than 1 year later.[4] Opinion and Order, 8/22/24, at 10.

Appellant timely appealed. Both Appellant, through new counsel, Teri Himebaugh, Esq., and the PCRA court complied with Pa.R.A.P. 1925. In his Rule 1925(b) Statement, Appellant raised, for the first time, Attorney Mosser's ineffectiveness for failing to file a timely PCRA petition. Rule 1925(b) Statement, 11/4/24, at 1 (unpaginated).

Appellant raises the following issue for our review:

Was PCRA counsel, Todd Mosser, ineffective for failing to timely file the PCRA petition, thereby waiving the following meritorious claims:

a. The PCRA Court erred in finding that Appellant was not entitled to relief on his claim that his constitutional rights were violated when he was not permitted to be present during the jury selection process; and

b. The PCRA Court erred in finding that Appellant was not entitled to relief on his claim that trial counsel was

---

[3] Although it does not affect our analysis, we note that Appellant's judgment of sentence became final on July 5, 2022, because July 2, 2022 was a Saturday, and the next two days were a Sunday and a holiday. *See* Pa.R.J.A. 107(b); Pa.R.A.P. 107 (incorporating Rules of Judicial Administration).

[4] The court thoroughly addressed the merits of Appellant's claims in case we determined that the petition was timely. Opinion and Order, 8/24/24, at 10-106.

ineffective for failing to ensure Appellant's presence during the jury selection process?

Appellant's Br. at 6.

**\*\*\***

We review the denial of a PCRA petition to determine whether the record supports the PCRA court's findings and whether its order is otherwise free of legal error. ***Commonwealth v. Fears***, 86 A.3d 795, 803 (Pa. 2014). We grant great deference to the findings of the PCRA court if the record supports them. ***Commonwealth v. Boyd***, 923 A.2d 513, 515 (Pa. Super. 2007). "We give no such deference, however, to the court's legal conclusions." ***Commonwealth v. Smith***, 167 A.3d 782, 787 (Pa. Super. 2017). To obtain relief under the PCRA, a petitioner must file his petition within one year from the date the judgment of sentence became final. 42 Pa.C.S. § 9545(b)(1). Pennsylvania law is clear that no court has jurisdiction to hear an untimely PCRA petition. ***Commonwealth v. Robinson***, 837 A.2d 1157, 1161 (Pa. 2003).

Appellant's petition is facially untimely because he filed it more than 1 year after his judgment of sentence became final, which Appellant concedes. Appellant's Br. at 14-15.[5]

---

[5] In ***Commonwealth v. McKeever***, we held that a grant of federal *habeas corpus* relief on some of the defendant's convictions did not permit him to challenge his non-vacated convictions following resentencing and did not "reset the clock" for the finality of his judgment of sentence. 947 A.2d 782, 785 (Pa. Super. 2008). Analogously, the vacatur of Appellant's Conspiracy to Commit Theft conviction did not affect the sentencing scheme because

*(Footnote Continued Next Page)*

Pennsylvania courts may consider an untimely PCRA petition, however, if the petitioner pleads and proves one of the three exceptions to the time-bar set forth in Section 9545(b)(1)(i)-(iii): "(1) interference by government officials in the presentation of the claim; (2) newly discovered facts; [or] (3) an after-recognized constitutional right." **Commonwealth v. Brandon**, 51 A.3d 231, 233-34 (Pa. Super. 2012). Any petition invoking a timeliness exception must be filed "within one year of the date the claim could have been presented." 42 Pa.C.S § 9545(b)(2). If a petitioner fails to invoke a valid exception to the PCRA's time-bar, courts are without jurisdiction to review the petition or provide relief. **Commonwealth v. Spotz**, 171 A.3d 675, 678 (Pa. 2017). The statutory time bar "implicates the court's very power to adjudicate a controversy and prohibits a court from extending filing periods except as the statute permits." **Id.** (citation omitted). The "period for filing a PCRA petition is not subject to the doctrine of equitable tolling[.]" **Commonwealth v. Robinson**, 139 A.3d 178, 185 (Pa. 2016) (citation omitted). In addition, courts cannot "fashion *ad hoc* equitable remedies to the time bar[.]" **Commonwealth v. Wharton**, 263 A.3d 561, 572 (Pa. 2021).

_____

Appellant received a sentence of No Further Penalty for that conviction. Accordingly, Appellant's partially successful direct appeal did not affect the finality of his sentence for his remaining convictions. His judgment of sentence, thus, became final on July 5, 2022, 30 days after this Court affirmed his judgment of sentence on his remaining convictions, when the time for filing a petition for allowance of appeal to our Supreme Court had expired. **See** Pa.R.A.P. 903(a) ("Except as otherwise prescribed by this rule, the notice of appeal. . .shall be filed within 30 days after the entry of the order from which the appeal is taken.").

Here, Appellant has failed to invoke any of the Section 9545 timeliness exceptions in any of his filings, including his PCRA petition and his brief to this Court. Instead, Appellant maintains that he raised Attorney Mosser's ineffectiveness at the first available opportunity, as is permitted by **Commonwealth v. Bradley**, 261 A.3d 381 (Pa. 2021), and Attorney Mosser's ineffectiveness caused meritorious issues to be waived. Appellant's Br. at 12-19. Accordingly, he requests that we reinstate his PCRA rights *nunc pro tunc*, as we would reinstate appellate rights *nunc pro tunc* in cases where counsel was ineffective for failing to file an appeal, or otherwise allow him to proceed with this PCRA. **Id.** at 38-39.

However, "[i]t is well settled that allegations of ineffective assistance of counsel will not overcome the jurisdictional timeliness requirements of the PCRA." **Commonwealth v. Wharton**, 886 A.2d 1120, 1127 (Pa. 2005). Our Supreme Court recently held unequivocally that "**Bradley** did not establish an equitable exception to the PCRA's time-bar and [] its rationale cannot be extended to create one." **Commonwealth v. Laird**, ___ A.3d ___, 2025 WL 542548, at *1 (Pa. Feb. 19, 2025). Therefore, we lack jurisdiction to consider the merits of Appellant's PCRA petition, including the ineffectiveness of his initial PCRA counsel, because Appellant raised them in an untimely petition that did not plead and prove any of the enumerated exceptions to the time bar. Accordingly, we are constrained to affirm the order dismissing Appellant's PCRA petition as untimely.

Order affirmed.

Judgment Entered.

Benjamin D. Kohler, Esq.
Prothonotary

Date: 4/28/2025